## Lake, Appellant, *v.* Lake.

*Divorce—Residence—Evidence.*

A husband's residence for one year in Pennsylvania preceding the filing of his libel for divorce is not established by evidence which shows that he had hired a room in Pittsburgh, and stayed there a large part of his time; that he also had an apartment in New York; that during the year he had written a letter in which he stated that he was a resident of New York, and certain witnesses

testified that the apartment in New York was occupied by a man and wife with the same family name as that of the libellant and his wife.

### Divorce—Desertion—Evidence.

A wife cannot be charged with wilful desertion on evidence showing, that on account of the husband's business engagements the parties were often apart; that after the last time he parted from her, he showed by his actions that he did not wish to meet her again; that he communicated with her through his attorney; that one time he wrote her that a reunion was not to be discussed; that subsequently he made an offer through his attorney that she should come to him; that she replied expressing a desire to join him, but before anything resulted from this, he filed a libel for divorce on the ground of desertion.

Argued April 24, 1918. Appeal, No. 88, April T., 1918, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1916, No. 1511, Docket C., dismissing libel for divorce in case of William E. Lake v. Anna Gertrude Lake. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Libel for divorce on the ground of desertion.

The case turned on the two questions whether libellant's residence for one year in Pennsylvania was established and whether the respondent's wilful and malicious desertion was established. The evidence on both questions is summarized in the opinion of the Superior Court.

The court entered a decree dismissing the libel.

*Error assigned* was decree dismissing the libel.

*John C. Bane,* with him *J. Harvey Scott* and *Chas. A. Woods,* for appellant.—The testimony of the libellant alone, if believed, is sufficient to sustain a finding of the fact of his residence in this Commonwealth for the statutory period of time: Reed v. Reed, 30 Pa. Superior Ct. 229 at 236; Baker v. Baker, 195 Pa. 407 at 409-410.

Desertion, without consent or reasonable cause, is presumed to be wilful and malicious: Ingersoll v. Ingersoll, 49 Pa. 249 at 251; McClurg's App., 66 Pa. 366 at 370-371; Van Dyke v. Van Dyke, 135 Pa. 459 at 466; Middleton v. Middleton, 187 Pa. 612 at 619.

*Frank Ewing,* for appellee.

OPINION BY TREXLER, J., July 10, 1918:

Was the libellant, for one year preceding the filing of the libel, a resident of Pennsylvania? He had hired a room in Pittsburgh and stayed there a large part of his time. He also had an apartment in New York. On February 9, 1915, he addressed a letter to a firm of attorneys in London, in which he stated, "I am a resident of New York, and not of London." The story of the libellant is that he leased an apartment in New York and that he expected his wife to come to America and with him occupy it. The first lease was made for nine months and was renewed several times. He tried to break the effect of this testimony by declaring he turned the apartment over to a friend, O'Hynes, for whom he stood sponsor for the rent, and O'Hynes occupied the apartment. O'Hynes testified to the same effect. Witnesses whose depositions were taken in New York testified that the apartment was occupied by a Mr. and Mrs. Lake. Neither O'Hynes nor Lake was brought before any of these witnesses in order that the identity of the parties occupying the apartment might be established. The matter was left in a very unsatisfactory condition. The comment of the learned judge of the court below properly characterizes the situation, "The direct testimony that a Mr. and Mrs. Lake lived in the apartment has not been met in the way in which it might easily and naturally have been met if it were not true." We think the libellant failed to prove residence.

Nor do we think that the proof of malicious and wilful desertion is sufficient. During their married life,

the parties were often apart, his business taking him to all parts of the world. The libellant sought to prove that the respondent refused to follow him to America and take up her home with him. It may be that she preferred to live in England although her family resided in America. When her husband cabled to her to come to America, she immediately came and on her arrival was met by her father, her husband having for some reason not mentioned, in the meantime gone to England. There were circumstances surrounding her visit to America which would bear the inference that her husband did not wish to meet her. She immediately followed him to England. On her arrival there she called him up by telephone and made an appointment to meet him. He did not keep the appointment but sent his solicitor. Two days later she met her husband in his solicitor's office. The question of separation was discussed and papers were prepared which she subsequently refused to sign, afterwards giving as her reason for her action that she had contemplated merely a temporary separation, while the papers provided for a permanent separation. On February 10, 1914, he wrote his wife that a reunion was not to be discussed. On March 7th following, he states that he was glad to know that she, in a letter to him, had informed him that the idea of a separation was to be abandoned, and that he was glad of it. He supported her until April, 1914. In August, 1914, she, after proceedings against him in the English courts, obtained a decree awarding her temporary alimony, and restoration of conjugal rights. Against his active opposition the decree was made permanent, April 12, 1916. During this period he made offers to her through his attorneys that she should come to America. He did not communicate with her directly. On December 28, 1914, she wrote expressing affection for him and a desire to join him in America. This suit was brought November 25, 1915.

We have read the testimony carefully. It would serve no good purpose to review it at length. We think

there was no proof of malicious desertion on the part of the wife, and that the divorce might have been refused on that ground.

All the assignments of error are overruled and the decree dismissing the libel is affirmed.